IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY BROOKS,<br>  Plaintiff, | §<br>§ | |
| vs. | § | Civil Action No. 3:17-CV-3443-G-BH |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
|   Defendant. | § | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are *Plaintiff's Motion for Stay for Writ of Possession dated, 22nd September 2017 in Cause # CC 15-05401-E at County Court at Law No. 5, Dallas County, Texas, Appeals Courts Cause # 05-16-00616 and in State District Court Case # DC-14-13646*, filed December 19, 2017 (doc. 4), and the defendant's *Motion to Dismiss and Brief in Support*, filed January 11, 2018 (doc. 10). Based upon the relevant filings and applicable law, the plaintiff's motion for stay should be **DENIED**, and the defendant's motion to dismiss should be **GRANTED**.

### I. BACKGROUND

This case involves a dispute over property located at 1842 Huntingdon Avenue, Dallas, Texas 75203 (the Property). (doc. 3 at 2.)[1] On December 19, 2017, Timothy Brooks (Plaintiff), who claims to be the "Texas Homestead owner" of the Property, filed his *pro se* complaint against Wells Fargo Bank, N.A., (Defendant). (*Id.* at 1.)

Plaintiff's parents previously co-owned the Property, and after the death of Plaintiff's father,

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

his mother conveyed the Property to him. *See Brooks v. Wells Fargo Bank, N.A.*, No. 05-16-00550-CV, 2017 WL 1550043, at *1 (Tex. App.—Dallas Apr. 28, 2017, pet. denied). Plaintiff subsequently conveyed his interest in the Property back to his mother, who then obtained a home equity loan on the Property from New Century Mortgage by granting it a security interest in the Property and "the power to sell the Property following a default on the loan." *Id*. Plaintiff's mother defaulted, "and the Property was sold at foreclosure to T.R. Taylor, Inc.," who then sold the Property to Allen R. Sheffield. *Id*. "In connection with the sale, Sheffield executed a deed of trust, which granted Summit Mortgage Corporation [(Summit)] a security interest in the Property," and the power to sell upon default. *Id*. Plaintiff subsequently filed an eviction action against Sheffield and obtained a judgment in his favor awarding him possession of the Property. *Id*. He then "obtained a home—equity loan from Beneficial Texas, Inc., which was purported to be secured by a lien on the Property." *Id*. Sheffield defaulted on the loan with Summit, which had "been transferred and assigned to Washington Mutual Bank" (Bank), and Bank "purchased the Property at a foreclosure sale on November 7, 2006." *Id*. The Federal Deposit Insurance Corporation (FDIC) took over Bank's assets and eventually conveyed the Property to Defendant. *Id*. at *1–2.

**A.   Prior Lawsuits**

On November 21, 2014, Plaintiff sued Defendant in state district court to quiet title to the Property (First Lawsuit). *See id*. While that suit was ongoing, Defendant filed a forcible detainer suit in the Dallas County justice court seeking to evict Plaintiff, Sheffield, and any other occupants from the Property (Second Lawsuit). *See Brooks v. Wells Fargo Bank, N.A.*, No. 05-16-00616-CV, 2017 WL 3887296, at *1 (Tex. App.—Dallas Sept. 6, 2017, no pet.) The justice court entered judgment in Plaintiff's favor in the Second Lawsuit on September 29, 2015, and Defendant appealed

that judgment to the county court. *Id*. On November 9, 2015, the county court entered a partial default judgment against Sheffield, found that Defendant had a superior right to possession of the Property over Sheffield, and abated the case until May 5, 2016, to allow Plaintiff and Defendant to seek relief from a court of competent jurisdiction regarding title to the Property. *Id*.

Defendant moved for summary judgment in the First Lawsuit, and on March 14, 2016, the state district court granted the motion and "ordered that all claims [Plaintiff] asserted or could have asserted in the suit to quiet title were dismissed with prejudice." *Id*. at *2 (citing *Brooks*, 2017 WL 1550043, at *2). Plaintiff appealed the district court's decision to the Court of Appeals for the Fifth District of Texas, and that court affirmed. *See Brooks*, 2017 WL 1550043, at *3, 9. After the period of abatement in the Second Lawsuit expired on May 5, 2016, that case proceeded to trial. *Brooks*, 2017 WL 3887296, at *3. On May 17, 2016, the county court found that Defendant had a superior right to possession of the Property and was entitled to the Property and entered judgment in its favor. *Id*. Plaintiff appealed the judgment to the Court of Appeals for the Fifth District of Texas, which affirmed the judgment of the county court on September 6, 2017. *See id*. at *9. On September 22, 2017, the county court issued a writ of possession in Defendant's favor. (doc. 4 at 4.)

**B.    Current Lawsuit**

On December 19, 2017, Plaintiff filed this *pro se* action requesting that "this [C]ourt look into the several issues regarding [t]itle of the [P]roperty and his homestead ownership." (doc. 3 at 10.) He appears to assert federal claims for violations of the False Claims Act (FCA), Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), Service Members Civil Relief Act (SCRA), and Bankruptcy Code, as well as state law claims for fraud, forgery, conspiracy, intentional infliction of emotional distress, declaratory relief, injunctive relief, and violations of the Deceptive

3

Trade Practices Act (DTPA). (*Id*. at 10-14.) Plaintiff also asserts that Defendant violated a consent judgment entered in *United States of America, et al. v. Bank of America Corp., et al.*, No. 1:12-CV-00361-RMC (D.D.C. Apr. 4, 2012). (*Id*. at 11.) He seeks actual damages, punitive damages, and attorneys' fees and costs. (*Id*. at 15-17.) He also requests that "the transfer of the Property if any be annulled and declared void," and seeks a declaration that he "is the owner of the Property," as well as a "temporary restraining order, preliminary injunction, and permanent injunction restraining Defendant [sic] from using, selling, transferring, hypothecating[,] or otherwise dissipating or disposing of the Property . . . ." (*Id*. at 16.)

On the same day he filed his complaint, Plaintiff also filed a motion to stay the writ of possession issued by the county court on September 22, 2017, as well as "all proceedings in Appeal Courts . . . and in State District Court . . . pending this [s]uit." (doc. 4 at 3-4, 7.) On January 11, 2018, Defendant moved to dismiss Plaintiff's claims under Rule 12(b)(6). (doc. 10.) Both motions are now ripe for recommendation.

## II. MOTION FOR STAY

Plaintiff's motion for stay essentially seeks to enjoin the execution of the writ of possession issued by the county court on September 22, 2017, as well as "all proceedings in Appeal Courts . . . and in State District Court . . . pending this [s]uit." (doc. 4 at 3-5, 7.)[2] Defendant argues that the Court lacks jurisdiction to grant Plaintiff's requested relief based on the Anti-Injunction Act (the

---

[2] Although Plaintiff asserts that he is seeking discretionary stay pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, that rule is inapplicable here because it only allows a court to "suspend, modify, restore, or grant an injunction" when "an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction . . . ." Fed. R. Civ. P. 62(c). Defendant treats Plaintiff's motion as seeking a temporary injunction, and the Court may liberally construe it as such. (doc. 12 at 12-13; *see* docs. 4 at 5-7; 20 at 2, 6.)

4

Act) and the *Rooker-Feldman*³ doctrine, and alternatively, that "Plaintiff is otherwise not entitled to injunctive relief."  (doc. 12 at 11-12.)

The Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  In *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414 (5th Cir. 2013), the plaintiff sought a temporary restraining order to prevent his eviction after the county court entered judgment that the defendant was entitled to possession of the property at issue. *Id.* at 414.  The court found that the plaintiff's motion was "more in the nature of a preliminary injunction," and that the district court lacked jurisdiction under the Act because "[t]he relief sought, in practical effect, would enjoin [the defendant] from enforcing a valid extant judgment of a Texas court." *Id.* at 415–16.  Following *Knoles*, district courts have found that under the Act, they lack jurisdiction to grant relief where a plaintiff seeks a temporary restraining order or injunction to prevent the pursuit of eviction proceedings, or the execution of a writ of possession. *Omoloh v. Bank of America, N.A.*, No. 4:17-CV-00160-O-BP, 2017 WL 2616006, at *5 (N.D. Tex. May 16, 2017) (citing *Knoles*, 513 F. App'x at 416) ("where, as here, the requested injunctive relief would restrain a party from executing a writ of possession lawfully obtained by a Texas court, a federal district court lacks jurisdiction to grant such relief"); *Hernandez v. PreCab, Inc.*, No. 1:15-CV-275, 2015 WL 12747815, at *1–2 (E.D. Tex. Aug. 25, 2015) (finding that the court lacked jurisdiction to grant relief under the Act where the plaintiff sought "an injunction to prevent [the defendant] from pursuing [pending] eviction

---

³ The *Rooker–Feldman* doctrine takes its name from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

proceedings against her"); *Green v. Bank of America N.A.*, No. H-13-1092, 2013 WL 2417916, at *1 (S.D. Tex. June 4, 2013) (determining that "[t]o the extent there was a forcible detainer proceeding and eviction order," the court lacked the ability to provide the plaintiff with the requested temporary restraining order to enjoin a state-court proceeding).

Here, Plaintiff seeks to enjoin eviction proceedings and the execution of the writ of possession against him. (doc. 4 at 3-7.) The "practical effect" of his request would "interfere with state court proceedings . . . ." *See* 28 U.S.C. § 2283; *Knoles*, 513 F. App'x at 416; *Omoloh*, 2017 WL 2616006, at *5. Because the Court lacks jurisdiction to grant Plaintiff's requested relief under the Act, his motion for stay should be denied. *See Omoloh*, 2017 WL 2616006, at *5 (denying motion for preliminary injunction based in part on the Act).[4]

### III. MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim. (doc. 10 at 10-24.)

**A.** **Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the

---

[4] Because Plaintiff's motion should be denied under the Act, it is unnecessary to address Defendant's additional arguments for denial. *See Knoles*, 513 F. App'x at 416 (finding it unnecessary to "explore *Rooker-Feldman* in light of [the] ruling on the basis of the [Act].").

plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the

7

evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Plaintiff attached to his complaint copies of his own affidavit, a quit claim deed assigning his interest in the Property to his mother, a notary signature page for an unidentified document, a warranty deed with an attached affidavit of heirship conveying the Property from his mother to him, the designation of homestead for the Property filed by Plaintiff, the mortgage documents regarding the home equity loan between Plaintiff and Beneficial Texas, Inc., the title search report showing Plaintiff held title to the Property, the "consent judgment" against Defendant, and multiple

8

judgments, orders, and documents from the prior proceedings involving the Property. (*See* doc. 3 at 19-238.) These documents are therefore considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205.

Defendant similarly attached to its motion to dismiss copies of Plaintiff's amended petition in the suit to quiet title, as well as orders, judgments, and documents Plaintiff attached from the prior proceedings involving the Property. (*See* docs. 11–11-5.) Defendant's attachments, except for the copy of Plaintiff's amended petition in the suit to quiet title, were all attached to Plaintiff's complaint, and as noted, they are considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205. The copy of Plaintiff's petition in the suit to quiet title may be judicially noticed because it is a matter of public record, and its contents cannot reasonably be disputed. *See Norris*, 500 F.3d at 461 n.9; *Defranceschi v. Seterus, Inc.*, No. 4:15-CV-870-O, 2016 WL 6496319, at *2 (N.D. Tex. Apr. 18, 2016) (taking judicial notice of the plaintiff's original petition in a prior case for the purpose of establishing the fact of the prior litigation); *see also* Fed. R. Evid. 201(b)(2) (a court may take judicial notice of a fact when "it can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed"). Accordingly, it is unnecessary to convert Defendant's motion to dismiss into a motion for summary judgment.

**B.      Res Judicata**

Defendant moves to dismiss on grounds that all of Plaintiff's claims are barred by res judicata. (doc. 10 at 12-14.)

The "rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013); *see also Taylor v. Sturgell*, 553 U.S. 880, 892

(2008) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"). "True res judicata" or "claim preclusion . . . bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). This doctrine has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Comer*, 718 F.3d at 466-67.

Res judicata is generally "an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial." *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 664 n.1 (5th Cir. 2004) (citing *Moch v. East Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977) ("Generally, a party cannot base a 12(b)(6) motion on res judicata."). Nevertheless, "[i]f, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008) (per curiam) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)). As with all affirmative defenses, the burden of proving claim preclusion "rests on the party claiming the benefit of the doctrine." *Patterson v. Dean Morris, L.L.P.*, No. 08-5014, 2011 WL 1791235, at *6 (E.D. La. May 6, 2011) (citation omitted); *accord Taylor*, 553 U.S. at 907.

The parties do not dispute that the first three elements of res judicata are met. (*See* docs. 10 at 12-14; 19 at 11-13.) As to the fourth element, Defendant contends that the claims asserted in this lawsuit all arise out of the same nucleus of operative facts as in the First and Second Lawsuits. (doc.

10 at 13.) Plaintiff responds that his claims are not barred by res judicata because "the claims in the instant lawsuit were not claimed in [the] previous lawsuits . . . ." (doc. 19 at 12-13.)

Res judicata extends beyond claims that were actually raised in a prior action and bars all claims that "could have been advanced in support of the cause of action on the occasion of its former adjudication . . . ." *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990). Ultimately, the "preclusive effect of [the] prior judgment extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004) (alteration in original) (citation omitted). "To determine whether two suits involve the same claim or cause of action, [the Fifth Circuit] has adopted the transactional test of the Restatement (Second) of Judgments, § 24." *Id*. Under this test, the "inquiry focuses on whether the two cases under consideration are based on 'the same nucleus of operative facts.'" *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (citations omitted). "[I]t is the nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, that defines the claim." *Id*. Identifying the nucleus of operative facts involves a "pragmatic" approach, "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Test Masters*, 428 F.3d at 571 (citing Restatement (Second) of Judgments, § 24).

In the First Lawsuit, Plaintiff sued to quiet title to the Property, arguing that he was the "homestead owner of undivided fee simple interest" in the Property. (doc. 11-1 at 3.) He sought to "remove the wrongful and unlawful cloud created by [Defendant]." (*Id*.) His suit was based on his belief that he held superior title to the Property. (docs. 3 at 113; 11-1 at 4.) The state district

11

court eventually granted summary judgment in Defendant's favor and "ordered that all of the claims that Plaintiff . . . asserted or could have asserted against Defendant" were dismissed with prejudice. *Brooks*, 2017 WL 1550043, at *2. Plaintiff appealed that decision, and the state court of appeals affirmed. *See id*.

In the Second Lawsuit, Defendant sought to evict Plaintiff and any other occupants through a forcible detainer action. *Brooks*, 2017 WL 3887296, at *1. The title dispute involving Plaintiff and Defendant was resolved in Defendant's favor while the Second Lawsuit was in abatement, and the county court subsequently determined that Defendant "had a superior right to possession of the Property and ordered that [Defendant] was entitled to possession of the Property." *Id*. at *3. Plaintiff appealed that decision to the state appellate court alleging facts substantially similar to the facts alleged in his complaint in the current lawsuit. (*See* docs. 3 at 2-11, 156-60.) The appellate court affirmed the decision of the county court. *Brooks*, 2017 WL 3887296, at *9.

In this suit, Plaintiff is again seeking a determination "that he is the owner of the Property," as well as monetary damages. (doc. 3 at 10-17.) He asks this Court "look into the several issues regarding [t]itle of the Property," and asserts federal claims for violations of the FCA, FIRREA, SCRA, and Bankruptcy Code; state law claims for fraud, forgery, conspiracy, intentional infliction of emotional distress, declaratory relief, injunctive relief, violations of the DTPA; and a claim that Defendant violated a consent judgment. (*Id*. at 10-14.) Additionally, he relies on many of the same documents he presented in his prior lawsuits in support of his current lawsuit. *See Brooks*, 2017 WL 3887296, at *3 (identifying the documentary evidence presented by Plaintiff); *Brooks*, 2017 WL 1550043, at *3 (same). Although Plaintiff argues that his current claims are not barred because they were not adjudicated in the prior actions, as noted above, res judicata extends beyond the claims

12

brought in prior actions and bars all claims that Plaintiff could have brought. *In re Howe*, 913 F.2d at 1144. The First Lawsuit, Second Lawsuit, and current lawsuit are all based upon the same nucleus of operative facts, and revolve around Plaintiff's belief that he has superior right to title of the Property. Considered together, all of Plaintiff claims are related in "motivation" and "origin" and form a convenient trial unit," as he ultimately seeks to retain judgment that he is the superior holder of title to the Property. *See Sidag Aktiengesellschaft v. Smoked Foods Prods. Co., Inc.*, 776 F.2d 1270, 1274 (5th Cir. 1985) ("[O]ne who has a choice of more than one remedy for a given wrong . . . may not assert them serially, in successive actions, but must advance all at once on pain of bar.") (internal quotations omitted). The fourth element is therefore satisfied.

Because all of the elements of res judicata are either undisputed or appear on the face of Plaintiff's complaint, in documents attached to his complaint, and in documents subject to judicial notice, Defendant's affirmative defense may be considered under its motion to dismiss. *See Hall*, 305 F. App'x at 227–28; *see also Saint Paul Commodities, LLC v. Crystal Creek Cattle Co.*, No. 3:11-CV-0037-G, 2012 WL 3135574, at *3 n.3 (N.D. Tex. Aug. 1, 2012) (considering the res judicata defense in the motion to dismiss context because "all [the] relevant facts [were] in the record and [were] uncontroverted"). All the elements of claim preclusion are either undisputed or satisfied, so Plaintiff's claims against Defendant are barred and should be dismissed with prejudice. *See Butts*, 2011 WL 7109344, at *2 (dismissing the plaintiff's claims as "barred by res judicata" because "both the instant action and the prior litigation [arose] out of the 'same nucleus of operative facts'–the mortgage loan obtained by [the] plaintiff on the subject property").[5]

---

[5] Defendant also moved to dismiss Plaintiff's claims on grounds that they are barred by collateral estoppel and fail as a matter of law for lack of any factual allegations supporting any cause of action. (*See* doc. 10 at 14-23.) Because Plaintiff's claims are subject to dismissal based on the doctrine of res judicata, it is unnecessary to reach these arguments.

## IV. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. However, "[w]hen a plaintiff is given an opportunity to amend a complaint that fails to state a claim upon which relief can be granted, but refuses to do so, then the district court is justified in dismissing the complaint with prejudice." *Rodriguez v. U.S.*, 66 F.3d 95, 98 (5th Cir. 1995). Additionally, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, all of Plaintiff's claims in this suit are based upon his belief that he is the superior title holder of the property. His claims are barred by res judicata, and he appears to have alleged his best case. An opportunity to amend is therefore unwarranted.

## V. RECOMMENDATION

Plaintiff's motion for stay should be **DENIED**, Defendant's motion to dismiss should be **GRANTED,** and all of Plaintiff's claims should be **DISMISSED with prejudice**.

**SO RECOMMENDED** on this 21st day of June, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE