# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY BROOKS,           §<br>    Plaintiff,              § | | |
| vs.                             § | Civil Action No. 3:17-CV-3443-G-BH | |
|                                  § | | |
| WELLS FARGO BANK, N.A.,  § | | |
|    Defendant.              § | Referred to U.S. Magistrate Judge | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are *Timothy Brooks' Motion for New Trial and Reconsideration of the Court's July 13, 2018 Judgment*, and *Plaintiff's Motion for Stay with Reconsideration New Trial dated 10th August 2018 in cause # CC 15-05401-E at County Court at Law No. 5, Dallas County, Texas, Appeal Courts Cause # 05-16-00616 and in State District Court Case # DC-14-13646*, both filed December August 10, 2018 (docs. 26-27). Based upon the relevant filings and applicable law, both motions should be **DENIED**.

## I. BACKGROUND

This case involves a dispute over property located at 1842 Huntingdon Avenue, Dallas, Texas 75203 (the Property). (doc. 3 at 2.)[1] On December 19, 2017, Timothy Brooks (Plaintiff), who claims to be the "Texas Homestead owner" of the Property, filed his *pro se* complaint against Wells Fargo Bank, N.A., (Defendant) requesting that "this [C]ourt look into the several issues regarding [t]itle of the [P]roperty and his homestead ownership." (*Id*. at 1, 10.) He asserted federal claims for violations of the False Claims Act (FCA), Financial Institutions Reform, Recovery, and Enforcement

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Act (FIRREA), Service Members Civil Relief Act (SCRA), and Bankruptcy Code, as well as state law claims for fraud, forgery, conspiracy, intentional infliction of emotional distress, declaratory relief, injunctive relief, and violations of the Deceptive Trade Practices Act (DTPA). (*Id*. at 10-14.) He also alleged that Defendant violated a consent judgment entered in *United States of America, et al. v. Bank of America Corp., et al.*, No. 1:12-CV-00361-RMC (D.D.C. Apr. 4, 2012). (*Id*. at 11.) He also moved to stay the writ of possession issued by the county court as well as "all proceedings in Appeal Courts . . . and in State District Court . . . pending this [s]uit." (doc. 4 at 3-4, 7.)

On June 21, 2018, it was recommended that Plaintiff's motion to stay be denied because the Court lacked jurisdiction to grant his requested relief, and that his suit be dismissed with prejudice based on res judicata. (*See* doc. 22.) Over Plaintiff's objections, the recommendation was accepted on July 13, 2018, and judgment was entered dismissing his claims with prejudice. (*See* docs. 23-25.) On August 10, 2018, Plaintiff moved for reconsideration of the dismissal, and also filed a new motion to stay that is identical to his prior motion. (*See* docs. 26-27.) On August 14, 2018, Defendant filed responses to both motions, and Plaintiff filed replies on September 19, 2018. (*See* docs. 28-29, 31-32.) Both motions are now ripe for recommendation.

## II. MOTION FOR STAY

Plaintiff's motion for stay essentially seeks to enjoin the execution of the writ of possession issued by the county court and to stay "all proceedings in Appeal Courts . . . and in State District Court . . . pending this [s]uit." (doc. 27 at 3-5, 7.)[2]

As noted, it was recommended that the identical prior motion to stay be denied because the

---

[2] Although Plaintiff claims that he is seeking a discretionary stay under Rule 62(c) of the Federal Rules of Civil Procedure (doc. 27 at 5), that rule only allows a court to "suspend, modify, restore, or grant an injunction" when "an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction . . . ." Fed. R. Civ. P. 62(c). The motion is therefore liberally construed as seeking a temporary injunction.

2

Court lacked jurisdiction to grant the requested relief under the Anti-Injunction Act (the Act) because he sought to enjoin eviction proceedings and the execution of the writ of possession against him, the "practical effect" of which would "interfere with state court proceedings . . . ." (*See* doc. 22 at 4-6); 28 U.S.C. § 2283 (providing that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 415–16 (5th Cir. 2013) (finding that the court lacked jurisdiction under the Act because "[t]he relief sought, in practical effect, would enjoin [the defendant] from enforcing a valid extant judgment of a Texas court.").

The current identical motion is subject to denial on the same basis. *See Knoles*, 513 F. App'x at 415–16; *Omoloh v. Bank of America, N.A.*, No. 4:17-CV-00160-O-BP, 2017 WL 2616006, at *5 (N.D. Tex. May 16, 2017) (citing *Knoles*, 513 F. App'x at 416) ("where, as here, the requested injunctive relief would restrain a party from executing a writ of possession lawfully obtained by a Texas court, a federal district court lacks jurisdiction to grant such relief"); *Hernandez v. PreCab, Inc.*, No. 1:15-CV-275, 2015 WL 12747815, at *1–2 (E.D. Tex. Aug. 25, 2015) (finding that the court lacked jurisdiction to grant relief under the Act where the plaintiff sought "an injunction to prevent [the defendant] from pursuing [pending] eviction proceedings against her"); *Green v. Bank of America N.A.*, No. H-13-1092, 2013 WL 2417916, at *1 (S.D. Tex. June 4, 2013) (determining that "[t]o the extent there was a forcible detainer proceeding and eviction order," the court lacked the ability to provide the plaintiff with the requested temporary restraining order to enjoin a state-court proceeding).

### III. MOTION FOR RECONSIDERATION

Plaintiff also moves for reconsideration of the final judgment in this case. (*See* doc. 26.)[3]

As noted by the Fifth Circuit, the Federal Rules of Civil Procedure "do not recognize a 'motion for reconsideration' *in haec verba*." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.14 (5th Cir. 1994). Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b). *Id*. Here, because Plaintiff seeks reconsideration of a judgment from a case resolved without a trial within 28 days after its entry, his motion should be liberally construed as a motion to alter or amend judgment under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (noting that where a case is resolved without a trial, a motion to alter or amend judgment is generally considered under Rule 59(e), "as the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration, we shall treat United's motion as a Rule 59(e) motion to alter or amend judgment").

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have

---

[3] Although Plaintiff cites to Rule 60(b) in his motion, he does not make any arguments related to Rule 60(b), and it appears from his motion and reply that he seeks to alter or amend the judgment pursuant to Rule 59(e). (*See* docs. 26; 31.)

4

"considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiff argues that the Court ignored facts in making its determination, that his claims were not barred by res judicata, and that he is entitled to relief as a matter of law. (doc. 26 at 5-15.) He previously asserted these same arguments in his objections to the recommended dismissal of his complaint. (*See* docs. 23.) His arguments only rehash evidence, legal theories, or arguments that he raised before the entry of judgment. He fails to identify an intervening change in controlling law, point out the availability of new evidence not previously available, identify a manifest error of law or fact, or identify any other extraordinary circumstances justifying alteration or amendment of the judgment. Accordingly, he has provided insufficient grounds to justify the extraordinary remedy available in Rule 59(e), and his motion for reconsideration should be denied.

## IV. RECOMMENDATION

Plaintiff's motion for stay, and his motion for reconsideration, which is properly construed as a motion to alter or amend the judgment under Fed. R. Civ. 59(e), should be **DENIED**.

**SO RECOMMENDED this 1st day of October, 2018.**

                                   _____
                                   IRMA CARRILLO RAMIREZ
                                   UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE